**SIR R. ROPNER & CO., Limited, v. EMMONS COAL MINING CORPORATION et al.**

District Court, E. D. Pennsylvania. December 6, 1927.

For former opinion, see 17 F.(2d) 386.

H. Alan Dawson and Biddle, Paul, Dawson & Yocum, all of Philadelphia, Pa., for plaintiff.

Acker, Manning & Brown, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This reargument was allowed because of what was thought to be a wrong view of the fact situation to the prejudice of the defendant. The real defense is based upon two propositions:

(1) The cesser clause relieves the shipper from liability.

(2) The bond was obtained from the shipper by a false fact statement.

The shipper reads the cesser clause as an exoneration of all liability. We read it as a relief from all which might otherwise be thereafter incurred. We adhere to the view before taken.

Upon the second question, the fact of just where the cargo was when the bond was being signed we do not deem controlling. The vessel had a just claim for demurrage at the port of loading. The argument for the shipper is built on the proposition that the vessel had a lien upon the cargo. At all events, she was in a position to withhold discharge until the demurrage was paid. This meant a fresh claim for demurrage at the port of discharge. The payment of this demurrage the consignee would refuse. The vessel was willing to accept a bond in lieu of the cargo. She did not exact payment, but merely assurance that whatever was due would be paid. This situation was presented to the shipper, who agreed to give the bond, and subsequently gave it. Under the facts, whether the time of actual signing was before or after the unloading of the cargo does not control the question of liability.

A formal judgment may be entered in accordance with this opinion.